## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **Dehn's Innovations LLC** | § | |
| | § | **Civil Action No.** |
| **Plaintiff,** | § | |
| | § | **3:11-cv-3042** |
| **v.** | § | |
| | § | |
| **Total Import Solutions, Inc. d/b/a** | § | |
| **Nanoskin Car Care Products, Ga-Rew** | § | **JURY TRIAL DEMANDED** |
| **Corp., and Kaga Hasegawa, an** | § | |
| **Individual** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

---

## COMPLAINT

---

**The Parties**

1.     Plaintiff Dehn's Innovations, LLC (hereinafter "Dehn") is a Texas limited liability company with its principal place of business at 4421 Black Otter Trail, Dallas, Texas 75287.

2.     Defendant Total Import Solutions, Inc. d/b/a Nanoskin Car Care Products is a California corporation located at 511 S. Harbor Blvd., Suite P, La Habra, California 90631.  Defendant Ga-Rew Corporation is a Japanese corporation with its principal place of business at 2-18-10, Nishiogi Minami, Suginami-ku, Tokyo, 167-0053, Japan. Defendant Kaga Hasegawa is an individual residing in Japan.   All of the foregoing defendants are collectively referred to herein as "Defendants," unless otherwise individually specified.

**Jurisdiction and Venue**

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338 because this action, at least in part, is an action for patent infringement and arises under the Patent laws of the United States, Title 35 of the United States Code. Jurisdiction also exists pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This Court has jurisdiction over any Texas state law claims under principles of pendent, ancillary, and supplemental jurisdiction, 28 U.S.C. §§ 1338(a) and (b) and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (d), and 1400(b) because, *inter alia*, one or more of the acts of infringement complained of took place in this district.

**GENERAL AVERMENTS**

**Dehn's Innovations and its Background**

5.      Dehn is a manufacturer and marketer of automobile related products that are sold throughout the United States as well as internationally.

6.      On or about February 27, 2001, Japanese patent application no. 2001-052618 (the "Japanese Patent Application") was filed by or on behalf of the inventor, Kaga Hasegawa (the "Inventor").  *See* **Exhibit 1**. The Japanese Patent Application was never published, and did not mature into a patent in Japan.

7.      On or about February 27, 2002, Mr. Shigeki Ueta, a Japanese patent attorney with the firm of Ueta International Patent Office in Tokyo, Japan, (the "Japanese Patent Attorney") sent a patent application to be filed in the United States claiming

priority to the underlying Japanese Patent. *See* **Exhibit 2**. *See* also U.S. patent application no. 10/084,629 attached as **Exhibit 3.** This U.S. patent application No. 10/084,629 claims priority to the Japanese Patent Application, and subsequently matured into U.S. Patent No. 6,883,732 B2, referred to herein as the " '732 Patent."

8.     On or about March 28, 2002, the Inventor's declaration and the Inventor's assignment were sent to the Japanese Patent Attorney for signature by the Inventor.  *See* **Exhibit 4**. The Japanese Patent Attorney was asked to review the documents to be sure that he understood them, and, if the documents were correct, to then have them executed by the appropriate people. *See* **Exhibit 4**.

9.     On or about September 25, 2002, the Japanese Patent Attorney forwarded the declaration and assignment for the '732 Patent. The declaration and assignment were signed by the Inventor, and the Inventor assigned all rights in the Japanese Patent to a Japanese company by the name of "Need Brain Co., Ltd." ("Need Brain").  *See* **Exhibit 5**. Need Brain is also listed as an applicant for the Japanese Patent Application.

10.     The assignment of the '732 Patent to Need Brain was recorded with the U.S. Patent and Trademark Office ("USPTO") on or about October 21, 2002.  *See* **Exhibit 6**.  This assignment has been publicly available since shortly after it was filed in the USPTO in late October 2002.

11.     The '732 Patent issued on or about April 26, 2005, and the assignee of this patent is Need Brain.  *See* **Exhibit 7**.  Notice of such issuance was sent to the Japanese Patent Attorney on May 9 and June 13, 2005.

12.     Need Brain subsequently assigned the '732 Patent to Auto Wax Co., Inc. ("Auto Wax") and in this assignment Need Brain warranted that it had the full right to

convey the '732 Patent to Auto Wax.  On or about November 14, 2005, the assignment of the '732 Patent from Need Brain to Auto Wax was sent to the USPTO for filing.  *See* **Exhibit 8**.  The recordation of the assignment was sent by the USPTO to counsel for Auto Wax on or about March 30, 2006.  *See* **Exhibit 9**.

13.     On or about October 17, 2006, the '732 Patent was assigned from Auto Wax to Illinois Tool Works, Inc. ("ITW"), and this assignment was recorded in the USPTO.  *See* **Exhibit 10**.

14.     Finally, on or about February 4, 2011, the '732 Patent was assigned from ITW to Dehn, and this assignment was likewise recorded in the USPTO.  *See* **Exhibit 11**.

15.     After the assignment of the '732 Patent, Dehn engaged in negotiations with Total Import Solutions.  Total Import Solutions requested a license to the inventions set forth in the '732 Patent.

16.     Dehn ultimately declined to license the inventions in the '732 Patent to Defendants.  *See* **Exhibit 12**.

17.     In October 2011, after Dehn refused to license the inventions in the '732 Patent to Defendants, Defendants filed a purported assignment from the Inventor in favor of Defendants.  *See* **Exhibit 13**.  Approximately 9 years after the Inventor's 2002 assignment of the '732 Patent rights was filed in the USPTO, Defendants are now alleging that the 2002 assignment of the Inventor to Need Brain, which was reviewed and approved by the Japanese Patent Attorney, is not accurate.

18.     As the foregoing indicates, the Japanese Patent Attorney requested that a U.S. patent application be filed claiming priority to the Japanese Patent Application. The U.S. patent application, which matured into the '732 Patent, was assigned in 2002 to

Need Brain by the Inventor, which is the same company that is listed as an applicant for the Japanese Patent Application. The '732 Patent was duly and legally issued to Need Brain, and the face of the '732 Patent clearly identifies Need Brain as the owner of the '732 Patent.

19.     Over the course of five (5) years from the date of issuance of the '732 Patent, several subsequent assignments of the '732 Patent were made to purchasers for value (*e.g.*, Need Brain to Auto Wax, Auto Wax to ITW, and ITW to Dehn).

20.     At no time during the ten (10) years from the filing of the application for the Japanese Patent, to the assignment of the '732 Patent from ITW to Dehn, did the Inventor or anyone else claim that the original assignment from the Inventor to Need Brain (or anyone else along the chain of title) was invalid or ineffective.

21.     Dehn had (and has) no knowledge of any invalidity or ineffectiveness of the assignment from the Inventor to Need Brain.  The assignments to all parties in the chain of title from the Inventor to Need Brain to Auto Wax to ITW to Dehn were valid, proper, correct, and supported by adequate consideration.

22.     As a result, Dehn is a good faith purchaser of all rights in and to the '732 Patent, without notice as to any invalidity or defect in the chain of title to the '732 Patent.

23.     Based on his knowledge and belief in his rights in and to the '732 Patent, Dehn has expended a great deal of time, energy and money into expanding the business for the inventions contained in the '732 Patent, and has created a successful and growing business based upon the rights obtained in and to the '732 Patent.

24.     None of the Defendants ever paid for the filing fees, U.S. attorney's fees, maintenance fees, or any other costs to file, prosecute, and maintain the '732 Patent.

**Defendants and Their Infringing Activity**

25.    Upon information and belief, Defendants have sold, made, imported, and/or used products that infringe upon Dehn's rights in and to the '732 Patent (hereinafter referred to as the "Infringing Products").

26.    Upon information and belief, Defendants sell the Infringing Products in a wide range of locations.   Defendants seek generally to sell the Infringing Products to retailers, distributors, dealers, and/or the general public, including the general public in the State of Texas and this District.   Upon information and belief, Defendants have sold Infringing Products in the State of Texas and this District.

27.    The activities of the Defendants with regard to their sales, importation, manufacture and/or use of the Infringing Products, are and have been without authorization from Dehn.

## COUNT I - PATENT INFRINGEMENT

28.    This cause of action arises under the Patent Laws of the United States, Title 35, United States Code.

29.    Dehn repeats and re-alleges each and every allegation contained in Paragraphs 1 through 28 of this Complaint as if fully set forth again here.

30.    Upon information and belief, Defendants have infringed and continue to infringe the '732 Patent under 35 U.S.C. § 271 *et seq*.   Upon information and belief, this infringement was intentional.

31.    Upon information and belief, Defendants, acting through and by their respective officers and owners, have, without authority, consent, right or license, and in direct infringement of the '732 Patent, imported, made, used, and/or sold the Infringing

Products in this country, and such Infringing Products have been sold and used in this jurisdiction and district.

32.     Defendants' infringing conduct is intentional and unlawful and, upon information and belief, will continue unless enjoined by this Court.

## COUNT II - INDUCEMENT OF PATENT INFRINGEMENT

33.     This cause of action arises under the Patent Laws of the United States, Title 35, United States Code, in particular under 35 U.S.C. § 271(b).

34.     Dehn repeats and re-alleges each and every allegation contained in Paragraphs 1 through 33 of this Complaint as if fully set forth again here.

35.     Upon information and belief, Defendants, acting through and by their respective officers and owners, have, in this country, actively and/or intentionally induced others to use and/or sell the Infringing Products, in direct infringement of the '732 Patent.

36.     Defendants' infringing conduct is intentional and unlawful and, upon information and belief, will continue unless enjoined by this Court.

## COUNT III - CONTRIBUTORY PATENT INFRINGEMENT

37.     This cause of action arises under the Patent Laws of the United States, Title 35, United States Code.

38.     Dehn repeats and re-alleges each and every allegation contained in Paragraphs 1 through 37 of this Complaint as if fully set forth again here.

39.     Upon information and belief, Defendants are furthermore liable for contributory infringement, pursuant to 35 U.S.C. § 271(c), in that Defendants have imported, made, and/or sold within the United States a component of a patented

combination or composition, consisting of a material part of the invention, knowing the same to be especially made or adapted for use in the infringement of the '732 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

40.     Defendants' infringing conduct is intentional and unlawful and, upon information and belief, will continue unless enjoined by this Court.

## COUNT IV: CORRECTION OF PATENT OWNERSHIP

41.     This cause of action arises under the Patent Laws of the United States, Title 35, United States Code.

42.     Dehn repeats and re-alleges each and every allegation contained in Paragraphs 1 through 41 of this Complaint as if fully set forth again here.

43.     As referenced above, the '732 Patent was duly and validly issued in the name of the Need Brain, and duly and validly assigned to subsequent purchasers of value, and recorded with the USPTO.

44.     Dehn is a good faith purchaser in all rights in and to the '732 Patent, without notice of any alleged defect or invalidity in the assignments or chain of title to the '732 Patent.

45.     The purported assignment obtained by and filed by Defendants in October 2011 that allegedly creates rights in the '732 Patent in favor of Defendants has impacted and harmed Dehn's rights in and to the '732 Patent, and accordingly, must be modified, corrected or stricken from the USPTO records.

46.     Pursuant to at least 35 U.S.C. §§ 101, 116 and 256, the common law, and the equivalent laws and statutes in the U.S. and other countries, Dehn is entitled to an order correcting the ownership for the '732 Patent.

## COUNT V:  DECLARATORY RELIEF

47.     This cause of action arises under Title 28 of the United States Code, section 2201, which authorizes this Court to declare the rights of Dehn concerning the inventorship and ownership of the '732 Patent.

48.     Dehn repeats and re-alleges each and every allegation contained in Paragraphs 1 through 46 of this Complaint as if fully set forth again here.

49.     Declaratory relief should be entered in Dehn's favor, and Defendants should be estopped from challenging Dehn's ownership of the '732 Patent, by virtue of the fact that Inventor's assignment to Need Brain has been of public record for approximately 10 years, and the subsequent assignments from Need Brain to Auto Wax, from Auto Wax to ITW, and from ITW to Dehn are unchallenged.

50.     Declaratory relief should be entered in Dehn's favor because Dehn is a good faith purchaser in all rights in and to the '732 Patent, without notice of any alleged defect or invalidity in the assignments or chain of title to the '732 Patent.

51.     Declaratory relief should be entered in Dehn's favor, since the purported assignment obtained by and filed by Defendants in October 2011 that allegedly creates rights in the '732 Patent in favor of Defendants has impacted and harmed Dehn's prior and superior rights in and to the '732 Patent.

52.     Declaratory relief should be entered in Dehn's favor, and Defendants should be estopped from challenging Dehn's ownership of the '732 Patent, because Defendants' challenge to Dehn's ownership of the '732 Patent only occurred after Defendants asked for a license to the '732 Patent and such license request was declined.

53.     Dehn is entitled to an order declaring his rights concerning the ownership of the '732 Patent.

54.     Dehn is further entitled to an order invalidating the October 2011 purported assignment of the '732 Patent to Defendants.

## DAMAGES

55.     Dehn has suffered, is suffering, and will continue to suffer irreparable harm and injury as a result of Defendants' aforesaid activities.  Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to Dehn's irreparable damage.   Dehn's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

56.     By reason of Defendants' acts complained of herein, Dehn has suffered monetary damages in an amount that has not yet been determined, but upon information and belief, is in excess of the sum or value of $75,000, exclusive of interest and costs.

## REQUEST FOR JURY TRIAL

57.     Dehn hereby demands that this cause be tried by a jury.

## PRAYER

58.     WHEREFORE, Dehn demands:

A.      That the Defendants, their agents, officers, directors, employees, servants, attorneys, privies, successors and assigns, and all holding by, through or under Defendants, and all those acting for or on the behalf of Defendants, or in active concert, participation, or combination with them, be enjoined and restrained, immediately and preliminarily, during the pendency of this action and permanently thereafter from:

(1)      making, using, selling and/or importing the Infringing Products, or any colorable imitation thereof,

(2)      otherwise infringing upon the '732 Patent; and

(3)      from claiming that Dehn is not the owner of the '732 Patent, and/or that Defendants or anyone else is the owner of the '732 Patent

B.      That this Court order Defendants, and their officers, agents, servants and employees, to deliver up to this Court, and to permit the seizure by Officers appointed by the Court of all articles and materials infringing upon the rights of Dehn, and particularly, without limitation, all products or other merchandise which embodies or includes the Infringing Products, and to be delivered up for destruction on the issuance of a final Order in this action, including all Infringing Products, and all equipment, molds and other matter for reproducing such Infringing Products, and Defendants submit in writing, under oath, a description of all actions each has taken to comply with this portion of the Order.

C.      That Defendants be required to pay to Dehn such damages as Dehn has sustained in consequence of Defendants' infringement of the '732 Patent.

D.      That in the alternative, a reasonable royalty be awarded to Dehn pursuant to 35. U.S.C. § 284.

E.      That Defendants be ordered to account for and pay over to Dehn all their respective gains, profits and advantages derived from the infringement of the '732 Patent or such damages as to the Court shall appear proper within the Patent Laws.

F.      That Defendants be ordered to pay Dehn enhanced damages (*e.g.*, treble damages).

G.     That the Court issue an Order to correct the ownership of the '732 Patent as noted above;

H.     That the Court issue an Order finding the assignments of the '732 Patent to Defendants are invalid;

I.     That Defendants be ordered to pay to Dehn the costs of this action, prejudgment interest, and post-judgment interest.

J.     That this case be found to be exceptional and that Defendants be ordered to pay Dehn's reasonable attorneys' fees and experts' fees.

K.     That Dehn have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Dwayne K. Goetzel
_____
Eric B. Meyertons
Texas State Bar No. 14004400
Dwayne K. Goetzel
Texas State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
   KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR PLAINTIFF
DEHN INNOVATIONS, LLC**